UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY DIAZ,<br><br>                          Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, ALONSO MORALES, and DOES 1-25, Inclusive,<br><br>                          Defendants. | Civil No.   11-cv-2028-IEG (DHB)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER AND FILE AN AMENDED ANSWER**<br><br>**[ECF No. 24]** |

On August 24, 2012, Defendants filed a Motion to Amend the Scheduling Order and File an Amended Answer. (ECF No. 24.) Defendants seek leave to amend their Answer to correct an inconsistency between certain paragraphs that could be confusing to the trier of fact. Plaintiff has not filed any opposition to this motion. Based upon the failure of Plaintiff to file an opposition[1] and for the reasons set forth below, this Court finds good cause to GRANT Defendants' Motion to Amend the Scheduling Order and Motion to File an Amended Answer.

**I. Procedural Background**

On September 2, 2011, Plaintiff filed a Complaint against Defendants the United States of America and Alonso Morales (collectively "Defendants"). (ECF No. 1.) On December 20, 2012,

---

[1] When an opposing party fails to file an opposition, that failure may constitute consent to the granting of the motion. *See* CivLR 7.1(f).

Defendants filed their Answer. (ECF No. 3.) On March 28, 2012, the Court issued a Scheduling Order setting April 30, 2012 as the deadline to file any motions to amend the pleadings. (ECF No. 18.) On August 24, 2012, Defendants filed the instant motion.

## II. Discussion

The Complaint lists several the causes of action against Defendants, including claims for excessive force (Count One), wrongful arrest (Count Two), and wrongful detention (Count Three). (ECF No. 1 at 3-5.) The supporting facts for these three claims are identical.[2] Plaintiff alleges the following:

> Plaintiff, who was crossing from Mexico into the United States at [sic] turnstile operated by Defendants, presented two forms of valid identification - a California Drivers License and a State of California Department of Corrections and Rehabilitation employee identification card. Plaintiff walked through the turnstile, but then was called back by Officer Morales, Defendant United States of America's employee, who was then acting in an official capacity as a U.S. Customs and Border Protection Officer. Plaintiff complied. Officer Morales handcuffed Plaintiff, hit Plaintiff on his back and in the back of his head, and caused Plaintiff's neck to be positioned in a manner so as to cause injury. During the entire assault and batter, Plaintiff never provoked any officer or resisted any officer. As a result of the excessive force, and the unreasonable manner in which the officer used force, Plaintiff was injured and required surgery.

(ECF No. 1 at 3.)

In response to Count One, Defendants denied that Plaintiff presented two forms of identification as described in the Complaint. Specifically, Defendants answered:

> Answering Paragraph (C) (Count 1) of the Complaint, Federal Defendants admit: Plaintiff walked through the turnstile at the port of entry operated by U.S. Customs and Border Protection; Officer Morales called Plaintiff back for inspection; and, Officer Morales handcuffed Plaintiff. Federal Defendants deny each, every, and all remaining allegations contained therein.

(ECF No. 3 at 2, ¶ 4.) However, when Defendants answered Counts Two and Three, they admitted Plaintiff presented a California driver's license. (ECF No. 3 at 2, ¶5 and 4, ¶ 6.) On May 30, 2012, Officer Morales was deposed. He testified that Plaintiff had not shown documents to enter the United States. (ECF No. 24, Ex. C at 33:25-35:25.) Officer Morales' testimony was consistent with paragraph 4 of the Answer, but inconsistent with paragraphs 5 and 6.

---

[2] The supporting facts in Counts Two and Three are identical. The supporting facts in Count One are identical, except for the last sentence in Count One, which is not relevant to the instant motion.

Defendants state that on August 22, 2012, they became aware of the inconsistency in the Answer when Plaintiff's counsel called defense counsel, expressing confusion about the conflicting paragraphs. Defendants now seek to amend paragraphs 5 and 6 to be consistent with their answer to paragraph 4, which is also consistent with Officer Morales' testimony.[3]

### A.     Legal Standard

Leave to amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). In light of this liberal standard, the Court can consider the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended their pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). *See also Eminence Capital, LLC*, 316 F.3d at 1052. The party opposing leave to amend bears the burden of showing prejudice. *DCD Program, Ltd. V. Leighon*, 833 F.2d 183, 187 (9th Cir. 1987).

However, once a court has already issued a scheduling order and the motion cutoff date has passed, amendment of the pleadings is only permitted if there is "good cause" for modification of the scheduling order. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992)). "This standard 'primarily considers the diligence of the party seeking the amendment.'" *Id.* Only where a party shows good cause for a belated motion to amend may the Court consider whether the amendment would be proper under Rule 15. *Johnson,* 975 F.2d at 607-09.

### B.     Analysis

First, the Court finds there is good cause to amend the Scheduling Order to permit Defendants to file an Amended Answer. Although the instant motion was filed four months past deadline set forth in the Scheduling Order, Defendants filed their motion just two days after becoming aware of the inconsistency in the Answer. Accordingly, the Court finds Defendants acted with sufficient diligence

---

[3] Defendants state in their Memorandum of Points and Authorities that they seek to amend paragraphs 7 and 8. (ECF No. 24 at 5.) However, upon closer review of the proposed Amended Answer, it is clear Defendants are seeking to amend paragraphs 5 and 6.

to warrant modification of the Scheduling Order. Moreover, the Court notes that the modification should not create any delay or case management issues as it will not affect the remaining dates in the Scheduling Order.

Next, the Court finds Defendants' proposed Amended Answer is proper under Rule 15 of the Federal Rules of Civil Procedure. Defendants' Motion to Amend the Answer is unopposed. As a result, there has been no showing of prejudice, and the Court is unable to identify any substantial prejudice that Plaintiff would incur. Indeed, the proposed amendment clarifies the ambiguity that Plaintiff's counsel raised to defense counsel.

The Ninth Circuit has stated that "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. Without any opposition having been filed, there is no strong showing of the remaining factors justifying denial of leave to amend. The Court notes there is no apparent bad faith or undue delay on the part of Defendants in seeking leave to amend the Answer. Defendants have not previously sought to amend their Answer. Further, allowing Defendants to clarify the ambiguity in the Answer would not be futile because it will eliminate any possible confusion caused by the Defendants' current conflicting answers to Counts One, Two and Three. In light of the fact that there are no demonstrated or apparent reasons warranting denial, this Court finds that Defendants' Motion for Leave to File an Amended Answer should be granted.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Amend the Scheduling Order and File an Amended Answer is GRANTED. Defendants' may file their Amended Answer within ten (10) days of the date of this order.

**IT IS SO ORDERED**.

DATED: September 25, 2012

DAVID H. BARTICK
United States Magistrate Judge